IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | | |
|---|---|---|
| Johnny Lindsay, | ) | Civil Action No.:2:13-01797-RMG-BHH |
| Petitioner, | ) | |
| | ) | **REPORT AND RECOMMENDATION** |
| v. | ) | **OF MAGISTRATE JUDGE** |
| Kenny Atkinson, *Warden*, | ) | |
| Respondent. | ) | |
| | ) | |

    The Petitioner, a federal prisoner proceeding *pro se*, filed this habeas petition pursuant to 28 U.S.C. § 2241.  This matter is before the Court on the Respondent's Motion to Dismiss. (Dkt. No. 10.)

    Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Local Rule 73.02(B)(2)(c), D.S.C., this magistrate judge is authorized to review the instant petition for relief and submit findings and recommendations to the District Court.

    The Petitioner Johnny Lindsay ("Petitioner" or "Lindsay") filed this habeas action on or about July 1, 2013. (Dkt. No. 1.) On August 26, 2013, Respondent filed a Motion to Dismiss. (Dkt. No. 10.) By order filed August 27, 2013, pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), the Petitioner was advised of the dismissal procedure and the possible consequences if he failed to adequately respond to the motion. (Dkt. No. 11.) Petitioner filed his Response in Opposition on or about November 1, 2013. (Dkt. No. 18.)

## PROCEDURAL HISTORY

    The Petitioner is currently incarcerated at the Federal Correctional Institution in Edgefield, South Carolina ("FCI-Edgefield") serving 66-month sentence imposed by the United States District Court for the District of South Carolina for Possession of a Firearm during a Violent Crime and Robbery. (See Sorrell Decl. ¶ 3; see also United States v. John Lowrell Lindsay, Crim. No. 7:09-cr-00567-HMH.) According to Respondent, Lindsay's

anticipated release date, with good time, is October 13, 2015. (Sorrell Decl. ¶ 3; see also Sorrell Decl. Ex. B.)

On July 27, 2008, Petitioner was arrested by the Spartanburg Sheriff's Department on charges of "Attempted Armed Robbery[] and Unlawful Store/Poss Machine Gun/Sawed-Off Shotgun." (Sorrell Decl. ¶ 5.) He remained in the custody of the Spartanburg Sheriff's Department until July 31, 2008, when he posted bond. (Id.) However, "[o]n April 28, 2009, while on bond, [Petitioner] was arrested by the Darlington, South Carolina Police Department for charges of Burglary and Grand Larceny." (Id. ¶ 6.) Petitioner "was not bonded and remained in state custody." (Id.)

On May 12, 2009, a federal grand jury in the District of South Carolina indicted Petitioner with, *inter alia*, Possession of a Firearm during a Violent Crime and Robbery. (Sorrell Decl. ¶ 7; see also United States v. Lindsay, Crim. No. 7:09-cr-00567-HMH.) Ms. Sorrell states in her Declaration that the indictment "was a result of the arrest made by the Spartanburg Sheriff's Department on July 27, 2008," and due to the federal indictment, "on May 14, 2009, the State of South Carolina Noll Prosed the state charges of Attempted Robbery, and Unlawful Store/Possess Machine Gun/Sawed-Off Shotgun in lieu of federal prosecution." (Sorrell Decl. ¶¶ 7-8.) Sorrell further states that on June 19, 2009, the United States Marshals Service "borrowed" Petitioner "from the Darlington authorities via a writ of habeas corpus ad prosequendum for resolution of the federal charges." (Id. ¶ 9.) On October 21, 2009, Petitioner was sentenced to a 66-month term of imprisonment by the United States District Court for the District of South Carolina. (Id. ¶ 10; see also United States v. Lindsay, Crim. No. 7:09-cr-00567-HMH.)

According to Sorrell, on February 24, 2010, Petitioner was sentenced to four years of imprisonment with the South Carolina Department of Corrections ("SCDC" or "SCDOC") by the Darlington County Court of General Sessions; after imposition of this sentence, Petitioner was turned over to SCDC for service of this four-year sentence. (Sorrell Decl. ¶

2

11.) Sorrell states that, according to SCDC officials, Petitioner "state sentence was computed as commencing on April 28, 2009, so that he was given credit toward his state sentence from the time of his arrest." (Id.) She further states,

> 12. On December 10, 2010, Mr. Lindsay was paroled by the SCDOC from his 4-year state term of imprisonment and turned over to federal authorities for service of his federal sentence.
>
> 13. Upon his arrival to the Bureau of Prisons (BOP), Mr. Lindsay's federal sentence was computed. The federal sentence computation reflects the federal sentence commenced on December 10, 2010, the day Mr. Lindsay was placed in federal custody. He has been credited with 5-days prior custody (a.k.a. Jail Credit). This credit consists of the five days Mr. Lindsay was in pretrial custody on his initial arrest (July 27, 2008 to July 31, 2008). The state had dismissed their charges in lieu of federal prosecution, thus, this period of pretrial detention had not been credited toward any other sentence. Mr. Lindsay is eligible to earn a total of 235-days Good Conduct Time. This results in a projected release date of October 13, 2015.

(Sorrell Decl. ¶¶ 12-13.)

According to Sorrell, after the computation of Petitioner's federal sentence, Petitioner "embarked upon a campaign asserting he was entitled to additional jail credit because the state sentencing court indicated the state sentence was to run concurrent with the federal sentence." (Id. ¶ 14.) Sorrell states,

> After Mr. Lindsay's request for a *nunc pro tunc* designation was denied, he contacted the state sentencing court and asked the court to amend his state sentence, that he had already served, to reflect that he was not to be given jail credit toward his state sentence, which the court granted.

(Id.) The period of April 28, 2009 through February 23, 2010 was not credited towards Petitioner's federal sentence because, according to Respondent, this period "had been credited toward [Petitioner's] state sentence when it was originally imposed" and "was obviously also taken into consideration when the SCDOC determined Mr. Lindsay's parole eligibility date." (Id.)

## APPLICABLE LAW

**Summary Judgment Standard**[1]

Pursuant to Rule 56 of the Federal Rules of Civil Procedure, summary judgment "shall" be granted "if the movant shows that there is no genuine dispute as to any material fact and that the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a). "Facts are 'material' when they might affect the outcome of the case, and a 'genuine issue' exists when the evidence would allow a reasonable jury to return a verdict for the nonmoving party." The News & Observer Publ'g Co. v. Raleigh-Durham Airport Auth., 597 F.3d 570, 576 (4th Cir. 2010) (citing Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986)). In ruling on a motion for summary judgment, "'the nonmoving party's evidence is to be believed, and all justifiable inferences are to be drawn in that party's favor.'" Id. (quoting Hunt v. Cromartie, 526 U.S. 541, 552 (1999)); see also Perini Corp. v. Perini Constr., Inc., 915 F.2d 121, 123-24 (4th Cir. 1990).

## DISCUSSION

Petitioner contends in the instant § 2241 petition that he is entitled to have certain "jail time" credited towards his federal sentence because his state sentence was amended. (See Dkt. No. 1 at 8 of 10.) Petitioner states,

> The state sentence to which jail-time was previously applied . . . was 'amended' to remove[] jail-time credited toward serving that sentence, as that sentence was imposed to run concurrently. That jail-time should now be applied toward the serving of Petitioner's federal sentence.

(Id.) In short, Petitioner contends that because his state sentence was amended to reflect that the state sentence was to run concurrently with his federal sentence, Petitioner is now

---

[1]Although Respondent filed a Motion to Dismiss, because the motion relies on the Declaration of Wendi Sorrell, and the undersigned has considered that declaration in the herein analysis, the undersigned recommends converting the Motion to Dismiss into a Motion for Summary Judgment. See FED. R. CIV. P. 12(d); Bosiger v. U.S. Airways, 510 F.3d 442, 450 (4th Cir. 2007); Wilson-Cook Med., Inc. v. Wilson, 942 F.2d 247, 252 (4th Cir. 1991); see also Dkt. No. 11 at 1-2 of 5.

4

entitled to credit on his federal sentence for the time he spent in custody on that state charge.

When a court imposes a federal criminal sentence, the BOP is responsible for computing the inmate's term of imprisonment. See United States v. Wilson, 503 U.S. 329, 334-35 (1992) (recognizing that the United States Attorney General has delegated this authority to the BOP); see also 28 C.F.R. § 0.96. Calculation of a federal sentence is governed by 18 U.S.C. § 3585 and requires that the BOP (1) ascertain the date on which the federal sentence commences and (2) determine the extent to which the inmate may receive credit for time spent in custody prior to the commencement of the sentence.

The calculation of credit for prior custody is governed by 18 U.S.C. § 3585(b), which provides as follows:

> **(b) Credit for prior custody**.--A defendant shall be given credit toward the service of a term of imprisonment for any time he has spent in official detention prior to the date the sentence commences--
> > **(1)** as a result of the offense for which the sentence was imposed; or
> > **(2)** as a result of any other charge for which the defendant was arrested after the commission of the offense for which the sentence was imposed;
> that has not been credited against another sentence.

18 U.S.C. § 3585(b). Permitting a prisoner to receive double credit for time served would violate 18 U.S.C. § 3585(b). See Wilson, 503 U.S. at 333 (noting that "the final clause of § 3585(b) allows a defendant to receive credit only for detention time 'that has not been credited against another sentence.'"); United States v. Kramer, 12 F.3d 130, 132 (8th Cir.1993) (explaining that "[t]he record shows that [the petitioner] received credit for that . . . period against his state sentence" and holding that the BOP "properly decided not to award [the petitioner] credit for the time served, as it would have contravened the proscription in 18 U.S.C. § 3585(b) against double crediting"); United States v. Mojabi, 161 F.Supp.2d 33, 36 (D. Mass. 2001) (holding "[s]ection 3585(b) prohibits 'double-credit', i.e.

awarding credit for presentence time served against one sentence if that time has already been credited against another sentence."); United States v. Arroyo, 324 F.Supp.2d 472, 474 (S.D.N.Y. 2004) (finding that the BOP "is precluded from granting credit for time in pre-sentence detention that has already been credited against another sentence"); Pilarte-Harrigan v. Owens, C.A. No. 3:10–885–HMH–JRM, 2011 WL 251469, at *6 (D.S.C. Jan. 26, 2011) ("Because Pilarte–Harrigan's detainment prior to the date on which his sentence commenced was credited toward his commonwealth sentence, the BOP properly denied Pilarte–Harrigan prior custody credit for that time.").

Despite the common-sense appeal of Petitioner's argument, relief is foreclosed by the law. A similar argument was considered–and rejected–in this district in Dempsey v. Smith, Civ. A. No. 9:03-2890-20BG, 2004 WL 3317661 (D.S.C. Sept. 27, 2004). In that case, the petitioner argued that he was entitled to prior custody credit pursuant to 18 U.S.C. § 3585(b)(2) "for the period from October 26, 1998, to December 8, 1999 . . . because this time was not credited to his state sentence." Dempsey, 2004 WL 3317661, at *2. Like in the instant case, the petitioner obtained an amended state sentence. Id. The BOP calculated the petitioner's federal sentence as beginning on December 8, 1999; on June 26, 2003, at the petitioner's request, the State of South Carolina Court of General Sessions in Beaufort, South Carolina, amended the petitioner's sentence. Id. That 2003 state court order provided, in relevant part,

> On December 6, 1999, the defendant entered an Alford plea and received a 5 year sentence on each indictment. As part of the negotiated plea, the sentences were to run concurrently with each other and concurrently with the defendant's federal sentence. In order to ensure the sentences ran concurrently with the defendant's federal sentence, defendant was to receive no credit for time served prior to his plea.

Id. The petitioner argued that because the 2003 state court order "amended his state sentence to indicate that he was not given any prior custody credit towards his state

sentence," "the time he spent in state custody from October 26, 1998, to December 8, 1999, must be credited toward his federal sentence pursuant to 18 U.S.C. § 3585(b), because it has not been credited to his state sentence." Id. at *3. Judge Herlong concluded that the petitioner was not entitled to any relief:

> The June 2003 state court order indicating that the pre-sentence jail time should not have been credited to Dempsey's state sentence cannot be applied retroactively because his state sentence was discharged over three years ago. As a result, Dempsey's state sentence cannot be recalculated to reflect the amendment in the June 2003 state court order. Based on the foregoing, the Court finds that the time Dempsey served in state custody from October 26, 1998, to December 8, 1999, has been credited to his state sentence within the plain meaning of § 3585(b). Because Dempsey already received credit for this time, he cannot also receive credit for this time toward his federal sentence.
>
> In addition, Dempsey is not entitled to any credit toward his federal sentence for the time he spent in state custody serving his state sentence. Despite the fact that the state sentencing sheets and the June 2003 state court order indicate that Dempsey's state sentence was to be served concurrently with his federal sentence, his federal sentence ran consecutively to his state sentence. The federal judgment and commitment order did not indicate whether the federal sentence was to run concurrently or consecutively with any subsequent sentence. Pursuant to 18 U.S.C. § 3584(a), "[m]ultiple terms of imprisonment imposed at different times run consecutively unless the court orders that the terms are to run concurrently." See also Free v. Miles, 333 F.3d 550, 553 (5th Cir.2003) (finding that "[w]ell-settled federal law presumes that when multiple terms of imprisonment are imposed at different times, they will run consecutively unless the district court specifically orders that they run concurrently."). The federal court did not order that Dempsey's federal sentence run concurrently to any subsequently-imposed sentence. Therefore, Dempsey's federal sentence was properly served consecutively to his state sentence.

Dempsey, 2004 WL 3317661, at *4.

Although the state sentence in Dempsey was imposed after the federal sentence, the above-quoted analysis applies in the case *sub judice*. Petitioner's federal sentence, imposed on October 21, 2009, does not reference any other sentence. Accordingly, pursuant to 18 U.S.C. § 3584(a), the federal sentence runs consecutively to any other

7

sentence, because the federal court did not order the terms to run concurrently. See 18 U.S.C. § 3584(a). The fact that the state court designated its sentence as concurrent simply does not bind the federal court. See Reynolds v. Thomas, 603 F.3d 1144, 1149 (9th Cir. 2010) ("[C]oncurrent sentences imposed by state judges are nothing more than recommendations to federal officials."); United States v. Eccleston, 521 F.3d 1249, 1254 (10th Cir. 2008) ("Although Mr. Eccleston's state sentence provides for concurrent service of the federal and state sentences, the state court's decision cannot alter the federal-court sentence."); see also Harris v. Zickefoose, 511 Fed. App'x 135, 138 (3d Cir. 2013) ("Harris' argument that the BOP should have granted the *nunc pro tunc* designation to fulfill the wishes of the state court judge that his state sentence run concurrent to his federal sentence is meritless, as 'neither the federal courts nor the [BOP] are bound in any way by the state court's direction that the state and federal sentences run concurrently.'" quoting (Barden v. Keohane, 921 F.2d 476, 478 n.4 (3d Cir. 1990))); Davidson v. Warden of FCI-Estill, Civ. A. No. 0:10-3145-RMG-PJG, 2011 WL 2470075, at *4 (D.S.C. May 13, 2011), adopted at 2011 WL 2448155 (D.S.C. June 20, 2011) (rejecting claim that federal and state sentences were to run concurrently based on the state court's order). Like in Dempsey, the fact that the state court–after Petitioner was released from SCDC–amended its sentence does not entitle Petitioner to relief pursuant to § 2241. See Dempsey, 2004 WL 3317661, at *4. And, as in Dempsey, because Petitioner already received credit for the time at issue in the instant petition, he cannot also receive credit for this time toward his federal sentence. Id; see also Reescano v. United States, 349 Fed. App'x 951, 952 (5th Cir. 2009) (affirming the dismissal of the § 2241 claims "because federal authorities are not bound by state court orders for concurrent sentences[,] nor are they required to accept custody of state prisoners prior to the completion of their state sentences"). Based on the foregoing, the undersigned recommends granting summary judgment to Respondent.

8

## **CONCLUSION**

Wherefore, it is RECOMMENDED that the Respondent's Motion to Dismiss (Dkt. No. 10), herein construed as a Motion for Summary Judgment, be GRANTED, and that the Petitioner's habeas petition be DISMISSED with prejudice.

IT IS SO RECOMMENDED.

s/Bruce Howe Hendricks
United States Magistrate Judge

January 16, 2014
Charleston, South Carolina

**The parties' attention is directed to the important notice on the next page.**

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. **Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.** "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

**Robin L. Blume, Clerk**
**United States District Court**
**Post Office Box 835**
**Charleston, South Carolina 29402**

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).