IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | |
|---|---|
| JOHNNY LINDSAY, | ) |
| Petitioner, | ) No. 2:13-cv-1797-RMG |
| vs. | ) **ORDER** |
| KENNY ATKINSON, Warden, | ) |
| Respondent. | ) |

This matter comes before the Court on the Report and Recommendation (R & R) of the Magistrate Judge (Dkt. No. 19), recommending that Respondent's motion for summary judgment be granted. For the reasons stated below, the Court **ADOPTS** the R & R in full. Accordingly, Respondent's Motion to Dismiss (Dkt. No. 10) is construed as a motion for summary judgment and **GRANTED**.

## I. Background

Petitioner filed this habeas action seeking to have certain jail time applied toward his federal sentence. (Dkt. No. 1). The Magistrate Judge construed Respondent's motion to dismiss as a motion for summary judgment and recommended that the motion be granted and Petitioner's habeas petition be dismissed. (Dkt. No. 19). Petitioner has not filed an objection to the R & R.

## II. Legal Standard

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261, 270–71 (1976). The Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate." 28

U.S.C. § 636(b)(1). This Court is charged with making a de novo determination of those portions of the R & R to which objection is made. *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (quoting 28 U.S.C. § 636(b)(1)); *accord* Fed. R. Civ. P. 72(b). However, as is the case here, where no objections are made, this Court "must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Id.* (quoting Fed. R. Civ. P 72 advisory committee note). Moreover, in the absence of specific objections to the R & R, the Court need not give any explanation for adopting the Magistrate Judge's analysis and recommendation. *See Camby v. Davis*, 718 F.2d 198, 199-200 (4th Cir. 1983).

### III. Discussion

The Court has reviewed the parties' filings and the R & R, and concludes that the Magistrate Judge correctly applied the relevant law to the operative facts in this matter. Because the federal judgment against Petitioner does not indicate whether his federal sentence was to run concurrently or consecutively with another sentence, it runs consecutively with the state sentence. *See* 18 U.S.C. § 3584(a). The fact that the state court amended its sentence to state that it was to run concurrently with the federal sentence does not alter the federal sentence. *E.g., United States v. Eccleson*, 521 F.3d 1249, 1254 (10 Cir. 2008).

The period of April 28, 2009, through February 23, 2010, was credited toward Petitioner's state sentence when it was originally imposed. (Dkt. No. 10-1 at 5). Therefore, it cannot be credited toward Petitioner's federal sentence. *See* 18 U.S.C. § 3585(b). Petitioner's amended state court sentence, which indicates that pre-sentence jail time should not be credited to Petitioner's state sentence, "cannot be applied retroactively" because was entered *after*

Petitioner had already served that sentence and was released on parole. *See Dempsey v. Smith*, No. 9:03-cv-2890, 2004 WL 3317661 at *4 (D.S.C. Sept. 27, 2004).

Therefore, the Court **ADOPTS** in full the Magistrate Judge's Report and Recommendation (Dkt. No. 19) as the order of this Court. Accordingly, Respondent's Motion to Dismiss (Dkt. No. 10) is construed as a motion for summary judgment and **GRANTED**. Petitioner's habeas petitions is **DISMISSED** with prejudice.

### Certificate of Appealability

The governing law provides that:

> (c)(2) A certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right.
>
> (c)(3) The certificate of appealability . . . shall indicate which specific issue or issues satisfy the showing required by paragraph (2).

28 U.S.C. § 2253(c). A prisoner satisfies the standard by demonstrating that reasonable jurists would find this Court's assessment of his constitutional claims debatable or wrong and that any dispositive procedural ruling by the district court is likewise debatable. *See Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *Rose v. Lee*, 252 F.3d 676, 683 (4th Cir. 2001). In this case, the legal standard for the issuance of a certificate of appealability has not been met. Therefore, a certificate of appealability is DENIED.

**IT IS SO ORDERED.**

_____
Richard Mark Gergel
United States District Judge

February 14, 2014
Charleston, South Carolina